## COMMONWEALTH vs. MILO PHELPS.

Upon a criminal trial, the Commonwealth cannot ask one of its witnesses to recur in his own mind to his testimony before the grand jury and then state circumstances to which he has not testified at the trial.

On the trial of an indictment for being a common seller of intoxicating liquors, the Commonwealth may introduce evidence of sales of which there was no evidence before the grand jury.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of spirituous and intoxicating liquors.

At the trial in the court of common pleas in Hampden, *Morris*, J. allowed the district attorney, against the defendant's objection, to ask witnesses for the Commonwealth to recur in their own minds to their testimony before the grand jury, and then state when and how often they had obtained intoxicating liquors from the defendant.

One witness, who testified that he had bought liquor some twelve times of the defendant, stated, on cross-examination, that he was not a witness before the grand jury who found this indictment. The defendant asked the court to instruct the jury that they could not take into consideration any sales testified to by him, unless they were satisfied that the grand jury, when they found this indictment, had some evidence before them of these sales. But the court instructed the jury that it was immaterial whether or not any evidence in regard to these sales was introduced before the grand jury. The defendant, being convicted, alleged exceptions.

*W. G. Bates & M. B. Whitney*, for the defendant, to the point that the defendant could not be convicted on evidence of sales of which there was no evidence before the grand jury, cited *Commonwealth* v. *Blood*, 4 Gray, 31.

*S. H. Phillips*, (Attorney General,) for the Commonwealth, to the point that the questions to the witnesses were proper and within the discretion of the court to allow, cited 1 Greenl. Ev. §§ 435–438; *Moody* v. *Rowell*, 17 Pick. 498.

SHAW, C. J.   1. It is not a regular mode of assisting the recollection of a witness to recur to his recollection of his testimony before the grand jury.   If .it was not true then, it is not true now ; if it was true then, it is true now, and can be testified to as a fact.   Of what importance is the fact that he had a memorandum to aid him in testifying before the grand jury ? To ask what he testified to before the grand jury has no tendency to refresh his memory.   The fact of his having testified to it then is not testimony now.   It is an attempt to substitute former for present testimony.

2. As to evidence of sales of which there was no evidence before the grand jury, there can be no doubt that the instruction was right.   Here the issue is whether the defendant is a common seller.   Suppose his shop is in a large street, and a hundred people go in and each buys liquor ; must the government call the whole hundred before the grand jury, in order to call them before the jury of trials ?                    *Exceptions sustained.*